## Case No. 1,176.

BEANE v. ORR et al.

[2 Ban. & A. 176;[1] 9 O. G. 255.]

Circuit Court, D. Massachusetts. Oct. Term, 1875.

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where, upon a motion for a preliminary injunction, the affidavits of the contesting parties were contradictory and left in doubt whether

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

the defendant had a license from the complainant, the motion was denied.

[In equity. Bill by Eben J. Beane against Thomas M. Orr and others to restrain infringement of a patent. Heard on motion for a preliminary injunction. Denied.]

Geo. L. Roberts, for complainant.

R. M. Morse, Jr., and C. W. Sumner, for defendants.

LOWELL, District Judge. The issues of facts upon which the motion for a preliminary injunction were argued are difficult, and I do not find that the plaintiff is so clearly right that the use of the machine should be prohibited before the hearing. There is no question of the validity of the patent, or of its infringement, but whether a license was granted to the defendants, and, if granted, whether the plaintiff was induced to give it by fraud.

It seems that the defendants had a license which required them to pay a fee or royalty of $100 each year in advance, and in default of such payment the license might be revoked. That on the 15th October, 1874, the parties came to a settlement and agreed to give and take a single sum of $818 in full satisfaction for past and future fees to the end of the life of the patent. The plaintiff took the defendants' note for that sum payable in four months, and soon afterward the defendants filed a petition in bankruptcy and made a composition with their creditors. The plaintiff has refused to receive his dividend, and insists that by the oral bargain the terms of the original license were only suspended for four months, and that upon the failure of the defendants to pay the note in full at maturity his right of revocation has revived. He gave notice accordingly, and brought this bill.

The defendants deny the plaintiff's version of the bargain, and produce his receipt for the note, expressed to be "in payment for machines." Putting this receipt into the scale of contradictory evidence, I must hold the case not to be made out. If the practice were to examine and cross-examine witnesses on these occasions, instead of filing affidavits, no doubt a more conclusive judgment might be arrived at. Then the question is whether the note was given fraudulently. The law of Massachusetts is, that if goods are bought with a distinct purpose not to pay for them, the purchase is fraudulent. The close proximity of the bankruptcy has a suspicious look, but here again the evidence is one affidavit against another, and the defendants' counsel did not fail to observe that the plaintiff's two statements are not quite consistent with each other. If it was a mere conditional grant, to take effect when the note was paid, then it is not probable that any misstatements would be made concerning the standing, etc., of the defendants, since they would be utterly immaterial.

I do not mean to say that the stories are irreconcilable. No doubt the plaintiff might inquire into these things with a view to obtain a discount of the note, but it is much less probable that any great reliance would be given or expected to the mere solvency of the parties if the grant were conditional, and, on the other hand, its being conditional would seem to show some doubts of the solidity of the security. Motion denied.